# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CONTINENTAL WESTERN INSURANCE COMPANY**<br>11201 DOUGLAS AVENUE<br>URBANDALE, IA 50322<br><br>**Plaintiff**<br>v.<br><br>**STONE EQUIPMENT CO., INC.**<br>210 WEST BOULEVARD<br>MONTGOMERY, AL 36108<br><br>**Defendant** | **CIVIL ACTION**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Continental Western Insurance Company, by and through its undersigned counsel, brings this Complaint against Defendant, Stone Equipment Co., Inc., and, in support thereof, avers as follows:

## PARTIES

1. Plaintiff Continental Western Insurance Company ("CWIC" or "Plaintiff") is a corporation organized and existing under the laws of the State of Iowa, whose principal place of business is located at 11201 Douglas Avenue, Urbandale, IA 50322.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of (*inter alia*) property insurance in the State of Alabama.

3. At all times relevant hereto, CWIC provided property insurance to Pinnacle Logistics Systems, Inc. ("Pinnacle" or "Subrogor") in connection with its property located at 2100 Blackshear Drive, Montgomery, AL 36108 (the "subject property") under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

4. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), CWIC became subrogated to certain recovery rights and interests of Pinnacle for monies paid thereunder, including the claims giving rise to this action.

5. Defendant Stone Equipment Co., Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 210 West Boulevard, Montgomery, AL 36108.

6. At all times relevant hereto, Defendant was engaged in the business of, *inter alia*, supplying and repairing construction, aggregate environmental and demolition equipment, and did, in fact, install a pump on an AK-230 grinder (the "subject grinder") at the subject property.

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in this district based on 28 U.S.C. § 1391(b)(1) and (2) in that the Defendant resides in this district and the events giving rise to this claim occurred within this district.

## GENERAL ALLEGATIONS

9. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

10. Prior to November 10, 2022, Pinnacle retained Defendant to install a pump on the subject grinder.

11. On or about November 10, 2022, a fire occurred at the subject grinder.

12. The subject pump is forward of the solenoid mounting bracket, which had to be unbolted for pump replacement. The solenoid bracket was not re-secured to the backing plate, and

the solenoids were found resting atop the damaged hydraulic fluid return hose.

13. Damage to the hydraulic return hose is consistent with solenoid contact and operational vibration, resulting in hose rupture and the release of hydraulic fluid into the engine compartment and, ultimately, a fire.

14. As a direct and proximate result of the acts and/or omissions of the Defendant (as are described more fully below), Subrogor sustained damage to the subject grinder, as well as additional expenses and harms besides, in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Subrogor's recovery rights in connection with this claim.

## FIRST COUNT – NEGLIGENCE

15. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

16. Defendant owed Pinnacle a duty of care to, *inter alia*, properly install a pump on the subject grinder.

17. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Defendant, including negligent acts and/or omissions of Defendant as performed by and through its agents, servants, workmen, employees, and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

   a. failing to exercise reasonable care in the performance of duties in the installation of a pump on the subject grinder, including, but not limited to, carelessly and negligently performing the following:

      i) failing to competently install a pump on the subject grinder and restore it in a safe and appropriate manner;

      ii) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of a pump on the subject grinder; and/or

      iii) failing to properly monitor the work of all agents and/or employees during the installation of a pump on the subject grinder to ensure compliance with applicable safety procedures;

  b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

  c. failing to adequately warn Pinnacle and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

  d. failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

  e. failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

  f. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

  g. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

18. As a direct and proximate result of such conduct, Pinnacle sustained and incurred damage to the subject grinder in an amount to be proven at trial, in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Pinnacle's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## SECOND COUNT – BREACH OF IMPLIED WARRANTIES

19. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

20. In furtherance of the aforementioned services performed, Defendant had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

21. Based upon the aforementioned improper conduct on the part of Defendant, personally and through servants, employees, and/or agents as set forth above, Defendant breached these warranties.

22. Pinnacle and Plaintiff have performed all conditions precedent to recover based upon such breaches.

23. As a result of the damages directly and proximately caused by said breach(es) of Defendant, Pinnacle sustained and incurred damage to the subject grinder in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Pinnacle's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, interest, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

 s/Zack M. Azar
Zack M. Azar (AZA004)
Attorney for Plaintiffs

OF COUNSEL:
AZAR & AZAR L.L.C.
8212 Old Federal Road
Montgomery, AL 36117
(334) 265-8551
(334) 264-9453 (facsimile)